THIS is a motion to dismiss the bill of the complainant, without going into a plenary hearing,
motions are sometimes granted when it appears on the face of the proceedings that the complainant has no jllst groll5id of complaint, or that the Court cannot the relief prayed. But it is very rare thafr the ° A ^ ° Court will, in this shoi't-hand way, dismiss the parties without giving them an opportunity of substantiating their case. The want of right must be very clear to induce the Court to act in a manner which, in substance, je a refusal to hear the party, *
In the present case the grounds relied upon, in support the motion, are various. It is said that this bill interferes with an enrolled decree of the Court, in the case of Esther Anderson and sisters against their brothers, the Holmans, who were executors of their father. ' This, however, does not appear on the face of the proceedings, and the counsel for defendants found it necessary, in order to shew this alleged interference, to travel out of the record; and his statement of facts and his conclusions from them were in part at least controverted. How can the Court, on this motion, which goes to preclude cm quiry, go into an examination of all the facts and questions growing out of them ? It would he acting very much in the dark. Besides, the objection has not the Weight which is attributed to it by the counsel. For no decree, made in this cause, could affect the rights of third persons, not parties or privies to it. The proper way to set up a decree in bar is to plead it; and then, to give it effect, it must appear to be between the same parties, and having relation to the same subject. But suppose the formal pleadings bo dispensed with, yet the substantial rule must be adhered to. If Mrs. Anderson, anil *211 her sisters, the complainants in the suit on which a.decree has been given, have any interests which, by any possibility, could be Effected by any decree which may be made in this cause, it would bo proper to make them parties to the suit, and tneir rights could be stated and vindicated ; and due respect would assuredly be paid to the decree heretofore made, as far-as the samecould ap* ply to this case and these parties*
The next ground relied upon, in support of the motion* is, that George Parker, the attorney of John Holman,, has set up a pretence, on the part of his principal, which is founded in mistake, to wit, an alleged renunciation, by Samuel Holman, of his rights to his brother John. But surely the question, of the- existence, of the nature, and of the extent of such alleged renunciation, is a matter for proof. The Court cannot act upon suggestion and statement; and it was very properly urged by the counsel for the complainant, that it would be improper to allow Samuel Holman extra-judicially to disavow his interest in tlie very negroes who are in dispute.
The next ground, and that on which the defendants? counsel relied most strongly, was, that John Holman, the complainant, had disavowed the act of his attorney, Mr. George Parker, and wished the suit to he discontinued*
Undoubtedly if this were the naked: and undisputed State of the question, the Court could not hesitate to dismiss the bill. But circumstances have been disclosed which shew that the Court is bound to look deeper into the case than this alleged disavowal of the suit.
It seems that George Parker, the attorney of John Holman, who has filed this bill, is a creditor of John Holman, and has obtained a judgment against him. Thus it would appear that he has an interest coupled with Ills power; and when that is the case, it is not of course in the power of the principal to revoke his power, pr to disavow the acts of his attorney, done to establish the rights of his principal, and to increase or secure his funds, out of which he expects to be paid. To this it *212 should be added, that there appears to be a great contest among the creditors of the Holmans, whose interests may possibly be affected by the dismissal of this bill. Yarions orders have been made by the Court in this cause, and security ordered to be taken. It would'certainly be very hazardous for the Court, at this stage of the cause, and with so little real information of the merits of the case, to dismiss the hill, and thus vacate the securities, heretofore ordered to be taken, without perceiving the extent of the injury which might be done to their claims or interests.-
Mr. Smews, solicitor for defendants.
Mr. Cheves and Mr. Priwgxe, for complainant.
It was further urged, by the defendants’ counsel, that Mr. Parker, the attorney of John Holman, had possession of the property; and that it was his interest to delay a judicial determination as long as possible : but that if the bill were dismissed, he would then he obliged to bring the controversies between himself and the parties, in adverse interest, to a conclusion. It is possible this may be so, but the Court cannot presume this, or at least cannot act upon such a presumption ; and it is in the power of the parties, with opposite interests, to hasten the steps of their adversary.
The two brothel’s, John and Samuel Holman, appear to have acted at different times in an inconsistent and contradictory manner; and though it is very possible that on a plenary hearing their conduct may be explained satisfactorily, the Court is made at present more cautious in lending an ear to the applications of either of them; especially those which are of ah extraordinary nature, as this motion is.
Upon the whole it does not appear to mé that there is such a clear defect of right in the complainant’s case, or such a want of authority to prosecute the suit, as would justify the Court in dismissing the hill in the summary way required.
From this decree there was no appeal.